IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN MICHAEL GORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00246-MDH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is reversed and remanded for further proceedings.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. Plaintiff applied for Disability Insurance Benefits on October 30, 2014. His application was initially denied. After a hearing, the ALJ issued an unfavorable decision on December 20, 2019. His appeal was denied and he exhausted all administrative remedies.

Plaintiff testified at the hearing he was unable to work due to migraines and PTSD. The ALJ issued an unfavorable decision in which he determined that Gorman had not engaged in substantial gainful activity since his onset date and that he suffered from the following severe impairments: migraine headaches, degenerative disc disease of the lumbar spine, previous left ankle injury, history of left labrum repair, post-traumatic stress disorder (PTSD), history of

1

traumatic brain injury, anxiety disorder, and depressive disorder. While the ALJ did not conclude that any of these conditions met or equaled a listed condition, he did note the following RFC:

> The claimant has the residual functional capacity to perform light work…in that he can lift or carry 20 pounds occasionally and ten pounds frequently. He can stand and/or walk six hours in an eight-hour workday and sit up to six hours in an eighthour workday. He can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can tolerate occasional exposure to extreme cold and excessive vibration. He should avoid all hazards, including use of moving machinery and exposure to unprotected heights. He is able to apply common sense understanding to carry out detailed, but uninvolved instructions in paced production requirements involving only simple, work-related decisions with few, if any, work place changes. He can tolerate occasional interactions with the public and frequent interaction with coworkers and supervisors.

Relying on vocational expert testimony, the ALJ concluded Plaintiff could not perform his past relevant work, but could perform other work as an electrical assembler, mail clerk, or merchandise marker.

Plaintiff argues on appeal that the ALJ was required to give good reasons for the weight assigned to the treating provider's opinion and failed to do so. Plaintiff contends the ALJ determined Plaintiff's treating psychiatrist's medical opinion was due little weight without assessing the factors required for determining the weight to a treating provider. Additionally, Plaintiff argues the ALJ didn't address the moderate limitations when weighing this medical opinion. Plaintiff contends the ALJ did not properly weigh the medical opinion of the treating provider when assessing his mental RFC.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the

substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

## DISCUSSION

Plaintiff is a veteran who has severe medical impairments including PTSD, TBI, anxiety disorder and depressive disorder. Plaintiff's treating psychiatrist, Dr. Paul, provided a medical opinion and the ALJ gave Dr. Paul's opinion little weight. Plaintiff argues the ALJ erred in giving the opinion little weight because he did not properly consider the factors for determining the weight due to the opinion; that the reasons provided were unsupported by substantial evidence; and that

3

the ALJ failed to consider or assess the mild and moderate limitations assessed by Dr. Paul. This Court agrees.

Dr. Paul provided a Medical Source Statement indicating moderate limitations for Plaintiff. The ALJ determined that "this opinion is given little weight because, despite his treatment source relationship with the claimant, the marked and extreme limitations are inconsistent with the claimant's conservative treatment history and the minimally abnormal clinical signs and findings." The ALJ simply included this one line determination of the weight given but failed to provide any further explanation for the little weight given this opinion. As a result, the ALJ failed to discuss the required factors for assessing a treating provider's opinion. *Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001) ("Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting."). Upon remand, the ALJ must provide consideration of the required factors.

In addition, the ALJ failed to address Dr. Paul's moderate limitations in the RFC. The RFC is silent with regard to the treating doctor's limitations and provides no explanation for the omission. Here, it appears Plaintiff's ability to sustain activities was impacted by his mental impairments. While the ALJ is not required to discuss each and every medical record in exhaustive detail, the Eighth Circuit has held that remand is required where it cannot be determined if the ALJ properly considered the record. See *Willcockson v. Astrue*, 540 F.3d 878, 879-80 (8th Cir. 2008) ("...we conclude that we must remand because we cannot determine from the written decision whether the ALJ properly reviewed the evidence."). Furthermore, an ALJ may not "pick and choose only evidence in the record buttressing [his] conclusion" while ignoring contrary evidence. See *Taylor v. o/b/o McKinnies v. Barnhart*, 333 F.Supp.2d 846, 856 (E.D. Mo. 2004).

4

Case 4:22-cv-00246-MDH   Document 13   Filed 08/28/23   Page 4 of 5

Here, the Court agrees with Plaintiff that the ALJ failed to properly justify and support his assessment of Dr. Paul's opinion and the RFC. The ALJ provided one sentence regarding the weight given and failed to address the limitations in Dr. Paul's opinion. Upon remand, the ALJ is ordered to provide his reasoning for the findings, including his assessment of the factors and other evidence in the record that supports his determination.

## CONCLUSION

The Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED**.

Dated: August 28, 2023 /s/ *Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**